UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOSE GONZALEZ,

                                                      Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER
ROBERT MORALES (tax # 940485), POLICE OFFICER
MICHAEL SCARANO (tax # 944988), LIEUTENANT
ADRIAN SANCHEZ (tax # 910912), POLICE OFFICER
DEMETRIO DEGREGORIE,

                                                    Defendants.

**COMPLAINT**

CV 14 252 (AKH)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action against the City of New York and several New York City Police Officers alleging that defendants violated his rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution by falsely arresting him, using unreasonable force on him, denying him a fair trial and maliciously prosecuting him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## PARTIES

5. Plaintiff is a resident of the State of New York, County of Bronx.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

## STATEMENT OF FACTS

8. On December 22, 2011, at approximately 6:30 p.m., on the corner of Cruger Avenue and Lydig Avenue in the Bronx, plaintiff stopped to lawfully observe defendants' baseless stop and frisk of Justin Tejeda, Joel Ruiz and others.

9. At the above time and place, plaintiff observed Maxine King (a plaintiff in 13 Civ. 6215 (SAS)) attempt to lawfully intervene on Justin Tejeda's behalf.

10. At the above time and place, plaintiff observed defendants, acting in concert, unnecessarily slam Maxine King down to the ground.

11. Plaintiff attempted to photograph the aforesaid use of force and, in response, some of the defendants tackled plaintiff, punched him, jab their elbows into his head, twisted his arms, and handcuffed him excessively tight.

12. The aforesaid use of force caused plaintiff to suffer pain, bruising and swelling and also damaged plaintiff's shoulder.

13. Plaintiff was taken to the 49th Precinct.

14. In the 49th Precinct, plaintiff observed Officer Ivonne Vizcarrondo unnecessarily slam Maxine King to the ground.

15. In the 49th Precinct, plaintiff was interviewed by the precinct's commanding officer, Deputy Inspector Kevin Nicholson, who told plaintiff to plead guilty to disorderly conduct when he appears in court. Nicholson also fabricated a story that plaintiff had told him that Maxine King, rather than the police, was the wrongdoer. This interview was not electronically recorded.

16. In the 49th Precinct, defendants, acting in concert, falsely charged plaintiff with committing the offenses Obstructing Governmental Administration and Disorderly Conduct.

17. Plaintiff was eventually taken to Bronx Central Booking.

18. While plaintiff was held in Bronx Central Booking, defendants, acting in concert, misrepresented to prosecutors that plaintiff had committed the offenses Obstructing Governmental Administration and Disorderly Conduct.

19. Defendants assisted in the creation of a criminal court complaint charging plaintiff with the aforesaid offenses.

20. During plaintiff's arraignment, the presiding judge released plaintiff on his own recognizance.

21. Plaintiff was maliciously prosecuted until December 4, 2012, one year later, when all charges were dismissed.

22. Plaintiff testified at Maxine King's trial as a defense witness and King was acquitted.

23. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for approximately 24 hours and suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment and humiliation. Plaintiff further suffered pain, bruising and swelling and an injury to his shoulder.

## FIRST CLAIM

### (FALSE ARREST UNDER THE FOURTH AMENDMENT)

24. Plaintiff repeats the foregoing allegations.

25. At all relevant times, plaintiff did not commit a crime or violation.

26. Despite plaintiff's innocence, the defendants arrested plaintiff.

27. Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged.

28. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE UNDER THE FOURTH AMENDMENT)

29. Plaintiff repeats the foregoing allegations.

30. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injuries.

31. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## THIRD CLAIM

### (DENIAL OF A FAIR TRIAL UNDER THE SIXTH AMENDMENT)

32. Plaintiff repeats the foregoing allegations.

33. Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime and a violation.

34. Defendants' misrepresentations deprived plaintiff of liberty.

35. Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## FOURTH CLAIM

### (MALICIOUS PROSECUTION UNDER THE FOURTH AMENDMENT)

36. Plaintiff repeats the foregoing allegations.

37. Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime and a violation and initiated a prosecution against him or played a role in initiating a prosecution against him.

38. Defendants' misrepresentations deprived plaintiff of liberty.

39. The criminal case filed against plaintiff was ultimately dismissed.

40. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## FIFTH CLAIM

### (FAILURE TO INTERVENE UNDER THE FOURTH AND SIXTH AMENDMENTS)

41. Plaintiff repeats the foregoing allegations.

42. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

43. Accordingly, the defendants are liable to plaintiff under the Fourth and Sixth Amendments for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## SIXTH CLAIM

## (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

44. Plaintiff repeats the foregoing allegations.

45. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

46. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

47. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

48. At least one federal court has recognized that there is widespread falsification by members of the NYPD. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

49. Another federal court held in *Floyd v. City of New York*, 08 Civ. 1034 (S.D.N.Y. May 16, 2012) that the City of New York's and the NYPD's "cavalier attitude towards the prospect of a 'widespread practice of suspicionless stops' displays a deeply troubling apathy towards New Yorkers' most fundamental constitutional rights."

50. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

51. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED:   January 11, 2014

/s/

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391